## BOWLES v. BOWLES.
### No. 2542.

Court of Civil Appeals of Texas. Beaumont.
March 2, 1934.

Leland Cox, of Houston, for appellant.

J. B. Johnson, of Beaumont, for appellee.

O'QUINN, Justice.

This is a divorce case. J. H. Bowles sued Ida E. Bowles in the Fifty-Eighth district court of Jefferson county, for divorce. Defendant appellant answered by general demurrer and general denial.

The case was tried to a jury upon special issues, all of which the jury answered in appellee's favor, and upon which answers judgment was rendered for appellee, granting him a divorce.

Motion for a new trial was filed by appellant, which was overruled, from which order she has appealed.

The first and only assignment of error asserts that the judgment is a default judgment, taken in the absence of appellant and her counsel, asserting that said counsel had an agreement with counsel for appellee that the case would not be thus tried, but that the case would be set for a time certain, and appellant and her counsel notified so they could be present, and that such notice was given of the day set for trial, but given on the day set for trial when it was impossible for appellant or her counsel to be present for in that they each resided in the city of Houston, Harris county, and the case was to be tried at Beaumont in Jefferson county, and the notice did not give them time to reach Beaumont for the trial.

Judgment for divorce cannot be rendered by default, but only upon full and satisfactory proof. Article 4632, R. S. 1925. It appears that the case was filed on March 23, 1933. On that same day, March 23, 1933, defendant appellant filed her answer. The case was set for trial on May 22, 1933, and notice given to counsel for appellant of the setting. When the case was called, at the request of appellant the case was postponed and reset for May 29, 1933. When it was then called, at request of appellant, the case was again postponed and reset for June 5, 1933, and counsel for appellant notified that no further postponements would be agreed to, but that a trial would be urged. When the case was called on June 5, 1933, neither the defendant nor her counsel was present. Plaintiff appellee announced ready at about 9:30 a. m., but with consent of the court trial was passed until 2 p. m. of that day. Counsel for appellee wired counsel for appellant at Houston that the case would be called for trial at 2 p. m., and not postponed. This telegram reached counsel for appellant at 10:30 a. m. When the case was called at 2 p. m. neither appellant nor her counsel was present, and the case was tried to a jury upon special issues, which were answered favorable to appellee, and judgment for divorce accordingly entered.

In appellant's motion for a new trial it is alleged that counsel for appellee agreed with counsel for appellant to secure a setting of the case for some day during the week of June 5th, and would give counsel for appellant ample notice of the date of trial so that counsel could be present. As evidence of this agreement, the following letter is included in the motion:

"June 3, 1933

"Bowles vs Bowles

"Mr. Leland Cox, Houston, Texas

"Dear Sir: This is to advise you that I will answer the docket Monday and will give you notice as to just about when the case will be reached just as soon as it can be determined.

"I have also submitted your proposition to Mr. Bowles but he refuses to take any further steps about it, and so it looks like we

will have to go to trial and dispose of the case one way or the other,

"Very truly yours,

"James B. Johnson."

The motion states that, when the telegram above mentioned was received, he communicated with his client and she said she was sick and unable to come to his office, and that it was impossible for him to go to the home of his client and get her and drive to Beaumont in time for the trial at 2 p. m.; that it was not through any fault of his or of the defendant that they were not present at court. The motion was not sworn to.

■ The granting of the motion for a new trial was within the sound discretion of the court, and, unless abuse of this discretion is shown, his action will not be revised. We do not think any abuse is shown. The letter above set out put counsel for appellant upon notice that the case would be called on Monday June 5th, and that plaintiff would not agree to further postponement, and that the case would have to be tried. Counsel for appellant, by keeping in touch with his client prior to June 5th, if she were in fact sick and unable to attend court, could have filed motion for a continuance supported by proof of her illness, and had the case continued. He did not seem to know of her condition, and in the motion for new trial does not allege that in fact she was sick, merely alleging "that when I did communicate with Ida E. Bowles; defendant, later she advised me that she was ill and unable to come to my office."

The judgment is affirmed.